UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JONT'E L. HATCHER,

                      Plaintiff,

  v.
                                                9:17-CV-0777
                                                (BKS/DJS)

PAROLE OFFICER JOHN DOE #1, et. al.,

                      Defendants.

---

APPEARANCES:

JONT'E L. HATCHER
15-A-4904
Plaintiff, Pro se
Watertown Correctional Facility
23147 Swan Road
Watertown, NY 13601

BRENDA K. SANNES
United States District Judge

## DECISION AND ORDER

### I.    INTRODUCTION

Pro se plaintiff Jont'e Hatcher ("Plaintiff") commenced this civil rights action asserting claims arising out of his confinement in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). Dkt. No. 1 ("Compl."). By Decision and Order filed on October 30, 2017 (the "October Order"), this Court granted Plaintiff's IFP Application and reviewed the sufficiency of the Complaint in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. *See* Dkt. No. 11. On the basis of that review, the Court dismissed the Complaint for failure to state a claim upon which relief could be granted. *See id.* In light of his pro se status, Plaintiff was afforded an opportunity to submit an Amended

Complaint.  *See id.* at 14-15.  Presently before the Court is Plaintiff's Amended Complaint. Dkt. No. 19 ("Am. Compl.").

## II.   LEGAL STANDARD

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. §1915A(b) was discussed at length in the October Order and it will not be restated in this Decision and Order.  *See* Dkt. No. 11 at 2-4.  The Court will construe the allegations in the Amended Complaint with the utmost leniency.  *See*, *e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that a pro se litigant's complaint is to be held "to a less stringent standards than formal pleadings drafted by lawyers.").

## III.   OCTOBER ORDER and SUMMARY OF AMENDED COMPLAINT

In the original Complaint, Plaintiff alleged that defendants John Doe #1, John Doe #2, and John Doe #3 violated his Fourteenth Amendment Due Process rights because he was illegally confined in DOCCS' custody beyond his release date.  *See* Compl, *generally*.  Due to the miscalculation of his sentence, Plaintiff was assaulted, placed in the Special Housing Unit ("SHU"), and missed the birth of his child.  *See id.*  Plaintiff asserted supervisory claims against Yelich, the Superintendent at Bare Hill C.F., related to the assault and SHU confinement.  *See id.*  Plaintiff sought monetary damages.  *See id.*

In the October Order, the Court dismissed Plaintiff's claims the John Doe defendants holding that the Complaint lacked facts suggesting that the defendants were personally involved in alleged constitutional violations. *See* Dkt. No. 11 at 7, 10.  Additionally, the Court reasoned that Plaintiff's Due Process claims were barred by *Heck v. Humphrey*.  *See id.* at 7-9. Plaintiff's claims against Yelich were dismissed for failure to allege facts establishing that

Yelich was personally involved in any constitutional violations. *See id.* at 9-11. The Court also concluded that Plaintiff did not have a constitutional right to be present at the birth of his child. *See id.* at 11-12.

In the Amended Complaint, Plaintiff adds the following new defendants: DOCCS, Division of Parole for Orange County, Division of Parole for Dutchess County, John Doe #4 Parole Officer, and John Doe #5, Parole Supervisor.[1] *See* Am. Compl. at 1, 3, 4. The Amended Complaint does not include any claims against Yelich.[2]

The facts asserted in the Amended Complaint are largely identical to the facts asserted in the Complaint. On March 19, 2006, Plaintiff was sentenced to six years imprisonment and one year and six months of post-release supervision ("PRS"). Am. Compl. at 6. In December 2011, Plaintiff was released from DOCCS' custody. *Id*. On November 5, 2012, Plaintiff was charged with violating the terms of his release and returned to DOCCS' custody. *Id*. On December 26, 2012, Plaintiff was released from DOCCS' custody.[3] *Id*. On August 7, 2013, Plaintiff violated the terms of his release. Compl. at 6. In October 2013, Plaintiff attended a parole hearing at the Orange County Jail. *Id*. Plaintiff was told by "the parole lady" that he "owed" one year, nine months, and twenty-four days. *Id*.

On October 24, 2013, Plaintiff was sent to Downstate Correctional Facility ("Downstate C.F."). Am. Compl. at 6. Three weeks later, Plaintiff was transferred to Bare Hill C.F. *Id.* On November 22, 2013, Plaintiff was assaulted by another inmate. *Id*. As a result, Plaintiff

---

[1]  The Clerk of the Court is directed to add these defendants to the docket report for this action.

[2]  The Clerk of the Court is directed to dismiss these individuals as defendants herein.

[3]  According to Plaintiff's calculations, the violation "pushed [his] max date on post release 52 days." Am. Compl. at 6.

3

was sentenced to sixty days in the SHU. *Id*. On December 17, 2013, Plaintiff's first child was born. Compl. at 6.

In January 2014, Plaintiff attended a parole hearing and was advised that his new release date was February 14, 2014. Compl. at 6. In February 2014, Plaintiff was transferred to Riverview Correctional Facility ("Riverview C.F."). *Id.* On March 2, 2014, Plaintiff was released. *Id.* On December 10, 2015, Plaintiff returned to DOCCS' custody.[4] Presently, Plaintiff is confined at Watertown Correctional Facility ("Watertown C.F."). Dkt. No. 17.

Construing the Amended Complaint liberally, Plaintiff claims that he was illegally confined beyond his October 3, 2013 release date in violation of his Fourteenth Amendment Due Process rights. *See* Am. Compl. at 7. Plaintiff claims that due to the miscalculation of his sentence, he was assaulted at Bare Hill C.F., placed in the SHU, and missed the birth of his child. *See id*. at 9. Plaintiff seeks monetary damages. *See id.*

## IV.   ANALYSIS

### A.   Eleventh Amendment[5]

The Eleventh Amendment has long been construed as barring a citizen from bringing a suit against his or her own state in federal court, under the fundamental principle of "sovereign immunity." U.S. Const. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against

---

[4] See http://nysdoccslookup.doccs.ny.gov (last visited March 21, 2018).

[5] Although claims for injunctive relief may be brought against defendants in their official capacity, the Complaint makes clear that Plaintiff is not seeking prospective, injunctive relief, but solely monetary relief for past alleged wrongs. *See Interboro Institute, Inc. v. Maurer*, 956 F.Supp. 188, 194 (N.D.N.Y.1997) (citing *Ex Parte Young*, 209 U.S. 123, 160 (1908)).

one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."); *Hans v. Louisiana*, 134 U.S. 1, 10-21 (1890); *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267 (1997); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Eleventh Amendment immunity is lost only if Congress unequivocally abrogates states' immunity or a state expressly consents to suit. *Gollomp v. Spitzer*, 568 F.3d 355, 365-66 (2d Cir. 2009). It is well-settled that Congress did not abrogate states' immunity through 42 U.S.C. § 1983, *see Quern v. Jordan*, 440 U.S. 332, 343-45 (1979), and that New York State has not waived its immunity from suit on the claims asserted in Plaintiff's complaint. *See generally Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d Cir. 1977); Dawkins v. State of New York, No. 5:93-CV-1298 (RSP/GJD), 1996 WL 156764 at *2 (N.D.N.Y. 1996).

State immunity extends not only to the states, but also to state agencies. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf*, 506 U.S. 139, 142-47 (1993); *McGinty v. New York*, 251 F.3d 84, 95 (2d Cir. 2001) ("The Eleventh Amendment extends immunity not only to a state, but also to entities considered 'arms of the state.' "); *Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 414 (2d Cir. 1999) ("An official arm of the state enjoys the same Eleventh Amendment immunity from suit in federal court as is enjoyed by the state itself."). Thus, Plaintiff's claims against DOCCS and the Division of Parole fail because the agencies are arms of New York State. *See Davis v. New York*, 316 F.3d 93, 101 (2d Cir. 2002) (affirming dismissal of Section 1983 claims against DOCCS on 11th Amendment grounds); *Jones v. New York State Div. of Military and Naval Affairs*, 166 F.3d 45, 49 (2d Cir. 1999) (the Eleventh Amendment bars Section 1983 suits against state agencies); *see also Chapman v.*

5

*N.Y.*, No. 11-CV-1814, 2011 WL 4344209, at *2 (E.D.N.Y. Sept. 14, 2011) ("[A]s an agency or arm of the State of New York, the New York State Division of Parole is also immune from suit under the Eleventh Amendment.").

Accordingly, DOCCS and the Division of Parole, and all claims against the entities, are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) as barred by the Eleventh Amendment.

## B.     Claims Against John Does #1 through #5

The law related to personal involvement in section 1983 claims and *Heck* was discussed in the October Order and will not be restated herein.  *See* Dkt. No. 11 at 6, 7-9.  In the October Order, the Court dismissed all claims against the Doe defendants because the defendants were not referenced anywhere in the body of the Complaint.  *See id.* at 7.  The Court held, "[i]n the absence of factual allegations sufficient to plausibly suggest that defendants were personally involved in conduct that violated Plaintiff's constitutional rights, the Complaint fails to state a cognizable claim against them."  *See id.*  The Court also reasoned that even assuming the Complaint contained facts connecting the Doe defendants to Due Process violations, the claims were nevertheless subject to dismissal.  The Court concluded:

> Plaintiff is presently in DOCCS' custody and was in DOCCS' custody when he filed this civil action.  *See* Compl., *generally*.  Plaintiff's challenge to his PRS calls into question the validity of his sentence.  Consequently, *Heck* precludes Plaintiff from seeking relief in this § 1983 action because he may challenge his conviction through a habeas petition.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[c]ongress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity" of their underlying criminal conviction); *see also Channer v. Mitchell*, 43 F.3d 786, 787 (2d

> Cir. 1994) ("habeas corpus—not a § 1983 action—provides the sole federal remedy where a state prisoner challenges the fact or duration of his imprisonment[.]"); *see also Loyd v. Cuomo*, 14-CV-829 (GLS/CFH), 2015 WL 3637409, at *5 (N.D.N.Y. June 10, 2015) (citing *Price v. Goord*, No. 9:10-CV-0181 (LEK/GHL), 2011 WL 1630727, at *5 (N.D.N.Y. Mar. 10, 2011) (holding that "PRS is part of a prisoner's sentence[.]").

Dkt. No. 11 at 8.

Plaintiff was advised that habeas corpus was his sole federal remedy and that the limitations period for any § 1983 claim will not run until he successfully challenges his sentence. *See* Dkt. No. 11 at 9, 12, n. 12.

As presently plead, the Amended Complaint does not cure the deficiencies in the claims against the Doe defendants. Plaintiff mentions the Doe defendants in the section of the Complaint wherein he lists and identifies the defendants, but the body of the Amended Complaint alleges no act or omission by the Doe defendants. Plaintiff has failed to allege facts to plausibly suggest that the Doe defendants were personally involved in any constitutional violations. Accordingly, for the reasons set forth in the October Order, Plaintiff's claims against John Does #1 through #5 are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

## V.     LEAVE TO AMEND TO CURE DEFICIENCIES

Ordinarily, a court should not dismiss a Complaint filed by a pro se litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704–05 (2d Cir.1991); *see also* Fed.R.Civ.P. 15(a) ("The court should freely give leave when justice so

requires."). An opportunity to amend is not required, however, where "[t]he problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir.1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir.1993); *accord, Brown v. Peters*, No. 95–CV–1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this instance, Plaintiff has already been provided one opportunity to amend his Complaint. The deficiencies with his original Complaint, identified by the court in its decision, have not been cured with the Amended Complaint. Accordingly, the Court finds that any further amendment would be futile.

## VI. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the Amended Complaint (Dkt. No. 19) is accepted for filing and deemed the operative pleading; and it is further

**ORDERED** that the Clerk of the Court shall amend the docket report in accordance with this Order; and it is further

**ORDERED** that Plaintiff's claims are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. The Clerk is directed to close this case; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on Plaintiff.

Dated: April 4, 2018

*Brenda K. Sannes*
Brenda K. Sannes
U.S. District Judge